**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTH EASTERN DIVISION**

| | |
|---|---|
| **JAMES HILL, as Guardian and next friend of B.H.J., a minor,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | |
| **MADISON COUNTY SCHOOL BOARD; CHRISTOPHER J. CUNDIFF, a minor; RONNIE J. BLAIR; TERESA G. TERRELL; JEANNE DUNAWAY and JUNE ANN SIMPSON,** ) ) ) ) ) ) ) ) | **Civil Action No.:** _____ |
| **Defendants.** ) | |

**COMPLAINT**

COME NOW, James Hill, as Guardian and next friend to B.H.J, Plaintiff, and files his Complaint against the Madison County School Board, Christopher J. Cundiff, Ronnie J. Blair, Teresa G. Terrell, Jeanne Dunaway, June Ann Simpson, and, in support, states as follows:

**INTRODUCTION**

1. The teachers and administrators at Sparkman Middle School knew Christopher Cundiff had been propositioning girls to have sex with him at school. They were supposedly watching him closely. On January 22, 2010, June Simpson, a teacher, coerced B.H.J., a fourteen year-old girl, into following Mr. Cundiff into a bathroom. Ms. Simpson assured B.H.J. that nothing would happen and that they would 'catch' Mr. Cundiff in the act. Ms. Simpson, the other teachers and administration, failed do so. Mr. Cundiff raped B.H.J. in the sixth grade boys' bathroom. This Complaint is based on the police report made following the rape.

## PARTIES

2. James Hill is above the age of nineteen (19) years, is B.H.J.'s father and is a resident of DeKalb County, Alabama. James Hill is the Guardian and next friend of Plaintiff B.H.J., an African-American minor resident of Alabama.

3. Christopher J. Cundiff is Caucasian, under the age of nineteen (19) and a resident of Madison County, Alabama.

4. June Ann Simpson is Caucasian, above the age of nineteen (19) years and a resident of Madison County, Alabama.

5. Ronnie J. Blair, Sparkman Middle School Principal, is Caucasian, above the age of nineteen (19) years and a resident of Madison County, Alabama.

6. Teresa G. Terrell, Sparkman Middle School Assistant Principal, is Caucasian, above the age of nineteen (19) years and a resident of Madison County, Alabama.

7. Jeanne Dunaway, Sparkman Middle School Assistant Principal, is Caucasian, above the age of nineteen (19) years and a resident of Madison County, Alabama.

8. The Madison County School Board is a government entity engaged in providing education to the children in Madison County, Alabama.

## CONDITIONS PRECEDENT

9. Prior to the filing of the instant Complaint, Plaintiff filed a Notice of Claim with the clerk of Madison County Alabama pursuant to ALA. CODE §§ 11-47-23, 190 and 192.

## JURISDICTION AND VENUE

10. This action is filed pursuant to 42 U.S.C. §§ 1983 and 20 U.S.C. §§ 1681 seeking redress of injuries suffered by Plaintiff B.H.J. from deprivation under color of state law, of rights

secured by the Fourteenth Amendment to the United States Constitution. This action also claims violations of Alabama State law. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

11. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Alabama state law claims since these claims are so related to the claims in the § 1983 civil rights action that they form part of the same case and controversy.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and other applicable law because the cause of action arose in Madison County, Alabama, which is situated within the district and divisional boundaries of the Northern District of Alabama.

13. All conditions precedent to the filing of the instant Complaint has been satisfied.

## FACTS

14. Paragraphs 1 through 11 are incorporated herein as if set out in full.

15. Plaintiff B.H.J was a student at Sparkman Middle School in Madison County, Alabama.

16. Sparkman Middle School is governed by the Madison County School Board through its principal; it receives federal funds for the education and welfare of its students.

17. Defendant Ronnie J. Blair is the Principal at Sparkman Middle School in Madison County, Alabama, and is the highest-ranking school official present at Sparkman Middle School. He is the first line of responsibility for ensuring that the students in his school are safe.

18. Defendant Blair is directly responsible for hiring, training, retaining and supervising teachers at Sparkman Middle School including Defendants Simpson, Terrell and Dunaway. He is responsible for protecting, supervising, disciplining, suspending and expelling

students at Sparkman Middle School including Plaintiff B.H.J. and Defendant Cundiff. At all times relevant hereto, Defendant Blair acted under color of state authority.

19. Defendant Teresa G. Terrell is the Assistant Principal at Sparkman Middle School in Madison County, Alabama. She is responsible for hiring, training, retaining and supervising teachers at Sparkman Middle School including Defendant Simpson. She is directly responsible for protecting, supervising, disciplining, suspending and expelling students at Sparkman Middle School including Plaintiff B.H.J. and Defendant Cundiff. At all times relevant hereto, Defendant Terrell acted under color of state authority.

20. Defendant Jeanne Dunaway is the Assistant Principal at Sparkman Middle School in Madison County, Alabama. She is responsible for hiring, training, retaining and supervising teachers at Sparkman Middle School including Defendant Simpson. She is directly responsible for protecting, supervising, disciplining, suspending and expelling students at Sparkman Middle School including Plaintiff B.H.J. and Defendant Cundiff. At all times relevant hereto, Defendant Dunaway acted under color of state authority.

21. Defendant June Ann Simpson is a teacher at Sparkman Middle School in Madison County, Alabama. She taught both Plaintiff and Defendant Cundiff in one of her classes. She is responsible for protecting, supervising and disciplining students in her classes at Sparkman Middle School including Plaintiff B.H.J. and Defendant Cundiff. At all times relevant hereto, Defendant Simpson acted under color of state authority.

22. Defendants Blair, Simpson, Terrell and Dunaway are collectively referred to as the Teacher Defendants.

23. Defendant Christopher Cundiff was a student at Sparkman Middle School in Madison County, Alabama.

24. The Teacher Defendants were *in loco parentis* of Plaintiff B.H.J. and Defendant Cundiff while attending Sparkman Middle School as they assumed the obligations of a parent under the applicable, limited circumstances.

25. Defendant Cundiff was in the habit and practice of continuously and repeatedly making sexual advances to numerous girls by requesting them to meet him in the bathrooms at school in order to engage in sexual behavior. Defendant Cundiff's sexual harassment of his fellow female students was obvious, flagrant, rampant and of a continuous duration.

26. Defendant Cundiff's behavior was known to the Teacher Defendants.

27. While Defendant Cundiff was never disciplined nor reprimanded for this behavior by any Teacher Defendant, Defendant Blair ordered that Defendant Cundiff be closely monitored at all times by, *inter alia*, Defendants Simpson, Terrell and Dunaway to protect Sparkman Middle School's female students from harassment, intimidation and sexual assault (the "Blair Directive.")

28. During the first two (2) weeks of January, 2010, Defendant Cundiff continued his pattern of harassing behavior and repeatedly asked a number of female students, including Plaintiff B.H.J., to meet him in the bathroom for the purpose of engaging in sexual behavior.

29. In January, 2010, Defendant Cundiff's continued harassing, intimidating and sexually-aggressive behavior was well known to all of the Teacher Defendants.

30. Despite the Teacher Defendant's knowledge of Defendant Cundiff's recent harassing, intimidating and sexually-aggressive behavior, Defendant Cundiff was never disciplined or reprimanded for this behavior by any Teacher Defendant.

31. The Teacher Defendants' failure to supervise, discipline, suspend or expel Defendant Cundiff, even in light of his harassing, intimidating and sexually-aggressive behavior, violated the Madison County School Board's own policies and procedures regarding protecting its female students from harassment, intimidation and sexual assault.

32. The Teacher Defendants' failure to supervise, discipline, suspend or expel Defendant Cundiff, even in light of his harassing, intimidating and sexually-aggressive behavior, violated the Blair Directive.

33. Despite his knowledge of their failure to follow the Blair Directive, Defendant Blair neither reprimanded nor disciplined Defendants Simpson, Terrell or Dunaway for failing to follow same.

34. Despite his knowledge of their failure to follow the Madison County School Board's policies and procedures regarding protecting its female students from harassment, intimidation and sexual assault, Defendant Blair neither reprimanded nor disciplined Defendants Simpson, Terrell or Dunaway for failing to follow same.

35. On January 22, 2010, Plaintiff B.H.J. again told Defendant Simpson about Defendant Cundiff harassing her and propositioning her to engage in sexual behavior.

36. Defendant Simpson responded to Plaintiff B.H.J. that she was 'tired of that kid.'

37. Defendant Simpson then instructed Plaintiff B.H.J. to tell Defendant Cundiff she wanted to meet Defendant Cundiff in a bathroom.

38. Defendant Simpson then instructed Plaintiff B.H.J. to follow Defendant Cundiff into a bathroom so that Defendant Simpson could walk in and catch Defendant Cundiff with Plaintiff B.H.J.

39. Defendant Simpson instructed Plaintiff B.H.J. to do this so that Plaintiff B.H.J. could 'set [Cundiff] up' so that Defendant Simpson could 'catch him.'

40. Plaintiff B.H.J. told Defendant Simpson she did not like Defendant Cundiff and she did not want to go into the bathroom with him.

41. Defendant Simpson, in an attempt to coerce her into following her instructions, told Plaintiff B.H.J. 'Don't do anything, just get him to meet you and we'll catch him.'

42. Plaintiff B.H.J. did as Defendant Simpson instructed. She followed Defendant Cundiff into a bathroom thinking that Defendant Simpson, or someone, would follow her into the bathroom soon thereafter.

43. Defendant Simpson watched the security cameras in Defendant Dunaway's office, but did not see Defendant Cundiff or Plaintiff B.H.J. Since Defendant Simpson did not see either student on the security cameras, Defendant Simpson went back to her classroom and waited.

44. Defendant Simpson did not follow through with her plan to 'catch' Defendant Cundiff. No one helped Plainitff B.H.J. She was left in a bathroom alone and unprotected with Defendant Cundiff.

45. On January 22, 2010, Plaintiff B.H.J. was raped and sexually assaulted by Defendant Christopher Cundiff in the Sparkman Middle School's sixth grade boys' bathroom.

46. Since her rape, Plaintiff B.H.J. has persisted in an almost non-communicative state. She has been under the consistent care of both a psychologist and a psychiatrist. This

7

fourteen (14) year old girl has suffered a tortuous and traumatic event no person should ever have to endure. Her emotional debilitation is likely permanent.

47. Plaintiff B.H.J.'s physical injuries and current mental condition has been directly caused and/or exacerbated by a systematic failure of the Teachers Defendants and the Madison County School Board to supervise, discipline, suspend and expel students who pose a real and immediate danger to their fellow students.

48. Plaintiff B.H.J.'s physical injuries and current mental condition has been directly caused and/or exacerbated by a systematic failure of the Teachers Defendants and the Madison County School Board to protect its students from harassment, intimidation and sexual assault.

49. Plaintiff B.H.J.'s physical injuries and current mental condition has been directly caused and/or exacerbated by Defendant Blair's failure to properly hire, train, retain and supervise Assistant Principals and teachers at Sparkman Middle School including Defendants Simpson, Terrell and Dunaway.

50. Plaintiff B.H.J.'s physical injuries and current mental condition has been directly caused and/or exacerbated by Defendants Terrell and Dunaway's failure to properly hire, train, retain and supervise teachers at Sparkman Middle School including Defendant Simpson.

51. Plaintiff B.H.J.'s physical injuries and current mental condition has been directly caused and/or exacerbated by Defendant Simpson's utter incompetence in handling a serious student situation, her failure to protect one of her female students from harassment, intimidation and sexual assault and her creation of, and active participation in, an inept scheme whereby one of her female students was left alone and unprotected in a bathroom to be used as bait to catch a sexually-aggressive student.

52.     The Madison County Sherriff's Department conducted an investigation of the events which took place at Sparkman Middle School on January 22, 2010. It is from the statements taken during that investigation that the foregoing allegations are based. Plaintiff expressly reserves the right to amend the allegations contained herein and to add additional defendants as needed, and hereby places Defendants on notice of such.

## CAUSES OF ACTION

## Count I – Negligence

## (Teacher Defendants)

53.     Paragraphs 1 through 52 are incorporated herein as if set out in full.

54.     Standing *in loco parentis*, the Teacher Defendants owed a duty to all students at Sparkman Middle School, including Plaintiff B.H.J., to act in a reasonably prudent manner when executing their duties as employees of Sparkman Middle School to supervise, discipline, suspend and expel students who pose a real and immediate danger to their fellow students and to protect its female students from harassment, intimidation and sexual assault.

55.     The Teacher Defendants negligently breached their duties to B.H.J. by failing to supervise, discipline, suspend and/or expel Defendant Cundiff despite their knowledge of his habit and practice of continuously and repeatedly making sexual advances to numerous girls by requesting them to meet him in the bathrooms at school in order to engage in sexual behavior.

56.     The Teacher Defendants negligently breached their duties to Plaintiff B.H.J. by engaging in a conspiracy to encourage Plaintiff to place herself in a position where she could be raped and sexually assaulted.

57. As a direct and proximate result of the Teacher Defendants' negligence, Plaintiff B.H.J. was raped which has caused her personal injury and severe emotional distress.

## Count II – Negligence, Recklessness and/or Wantonness

### (Defendant Cundiff)

58. Paragraphs 1 through 52 are incorporated herein as if set out in full.

59. Defendant Cundiff owed a duty to Plaintiff B.H.J. to act in a reasonably prudent manner when attending school at Sparkman Middle School to act responsibly towards his fellow students.

60. Defendant Cundiff negligently, recklessly and/or wantonly breached his duty to Plaintiff B.H.J. by continuously and repeatedly making sexual advances to her, by requesting her to meet him in the bathrooms at school in order to engage in sexual behavior and by raping and sexually assaulting her.

61. As a direct and proximate result of Defendant Cundiff's behavior, Plaintiff B.H.J. was caused to suffer personal injury and severe emotional distress.

## Count III – Assault

### (Defendant Cundiff)

62. Paragraphs 1 through 52 are incorporated herein as if set out in full.

63. Defendant Cundiff committed an intentional touching, and/or threat of same, to Plaintiff B.H.J. in a rude or angry manner under such circumstances that said touching created in Plaintiff B.H.J. a well-founded fear of an imminent battery.

64. At the time of the touching, and/or threat of same, Defendant Cundiff had the ability and opportunity to consummate the offense.

65. As a direct and proximate result of Defendant Cundiff's behavior, Plaintiff B.H.J. was caused to suffer personal injury and severe emotional distress.

## Count IV –Recklessness/Wantonness

### (Teacher Defendants)

66. Paragraphs 1 through 52 are incorporated herein as if set out in full.

67. Standing *in loco parentis*, the Teacher Defendants owed a duty to all students at Sparkman Middle School, including Plaintiff B.H.J., to act in a reasonably prudent manner when executing their duties as employees of Sparkman Middle School to supervise, discipline, suspend and expel students who pose a real and immediate danger to their fellow students and to protect its female students from harassment, intimidation and sexual assault.

68. The Teacher Defendants recklessly and/or wantonly breached their duties to B.H.J. by failing to supervise, discipline, suspend and/or expel Defendant Cundiff despite their knowledge of his habit and practice of continuously and repeatedly making sexual advances to numerous girls by requesting them to meet him in the bathrooms at school in order to engage in sexual behavior.

69. The Teacher Defendants recklessly and/or wantonly breached their duties to Plaintiff B.H.J. by engaging in a conspiracy to encourage Plaintiff to place herself in a position where she could be raped and sexually assaulted.

70. As a direct and proximate result of the Teacher Defendants' recklessness and/or wantonness, Plaintiff B.H.J. was raped which has caused her personal injury and severe emotional distress.

**Count V - Negligent/Reckless/Wanton Hiring, Training, Retention and Supervision**

**(Defendants Blair, Terrell and Dunaway)**

71. Paragraphs 1 through 52 are incorporated herein as if set out in full.

72. Standing *in loco parentis*, Defendants Blair, Terrell and Dunaway owed a duty to all students at Sparkman Middle School, including Plaintiff B.H.J., to properly hire, train, retain and supervise all teachers at Sparkman Middle School, including Defendant Simpson.

73. Defendants Blair, Terrell and Dunaway negligently, recklessly and/or wantonly breached their duty to all students at Sparkman Middle School, including Plaintiff B.H.J., to properly hire, train, retain and supervise all teachers at Sparkman Middle School, including Defendant Simpson, in hiring, training, retaining and/or supervising Defendant Simpson when she executed a plan encouraging Plaintiff to place herself in a position where she could be raped and sexually assaulted

74. As a direct and proximate result of Defendant Blair, Terrell and Dunaway's negligent, reckless and/or wanton breach of the duty they owed to Plaintiff B.H.J., Plaintiff B.H.J. was raped which caused her personal injury and severe emotional distress.

**Count VI – Tort of Outrage**
**[a.k.a. Intentional/Reckless Infliction of Emotional Distress]**

**(All Defendants)**

75. Paragraphs 1 through 52 are incorporated herein as if set out in full.

76. As alleged *supra*, Defendants' conduct was intentional and/or reckless, extreme and outrageous and utterly intolerable in a civilized society.

77. As a direct result of Defendant's conduct, Plaintiff has suffered emotional distress so severe that no reasonable person could be expected to endure it.

## Count VII –20 U.S.C. § 1681, *et. seq.*
## [Violation of Title IX]

### (Teacher Defendants and the Madison County School Board)

78. Paragraphs 1 through 52 are incorporated herein as if set out in full.

79. Title IX provides that "[n]o person in the Untied States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C § 1681(a).

80. Title IX liability arises when a school district official is an appropriate person with the authority to take corrective measures in response to sufficient, actual notice of student-on-student sexual harassment responds thereto with deliberate indifference and unreasonably in light of the known circumstances.

81. As alleged *supra*, the Teacher Defendants, and each of them collectively or separately and severally, were on actual notice of Defendant Cundiff's habit and practice of continuously and repeatedly making sexual advances to numerous girls by requesting them to meet him in the bathrooms at school in order to engage in sexual behavior inasmuch as Defendant Cundiff's sexual harassment of his fellow, female students was obvious, flagrant, rampant and of a continuous duration.

82. The Teacher Defendants, and each of them collectively or separately and severally, had the authority to initiate corrective action in response to Defendant Cundiff's sexual harassment, intimidation and assault of his fellow female students or place other restrictions on Defendant Cundiff.

83. The Teacher Defendants, and each of them collectively or separately and severally, acted with deliberate indifference to their sufficient, actual notice of Defendant Cundiff's sexual harassment, intimidation and assault of his fellow female students inasmuch as the Teacher Defendants acted unreasonably in light of the known circumstances.

84. Defendant Blair is the highest ranking school official present at Sparkman Middle School every day and is the first line of responsibility for ensuring that the students in his school are safe.

85. Defendant Blair, as the highest-ranking school official on site at Sparkman Middle School, is high enough on the chain-of command to impute liability to the Madison County School Board for purposes of Title IX liability.

86. Defendant Blair clearly knew that Defendant Cundiff was a substantial risk to sexually abuse his fellow students when he issued the Blair Directive, but then neither followed it himself nor ensured that same was followed by his Assistant Principals and teachers. In all respects, the Teacher Defendants ignored the Blair Directive and, in so doing, placed Plaintiff B.H.J. in a position where Defendant Cundiff could sexually assault her.

87. As a direct and proximate result of Defendant Blair, Terrell and Dunaway's negligent, reckless and/or wanton breach of the duty they owed to Plaintiff B.H.J., pursuant to 20 U.S.C. § 1681, *et. seq.*, Plaintiff B.H.J. was raped which caused her personal injury and severe emotional distress.

**Count VIII – 42 U.S.C. § 1983**

**[Violation of Amendments to the U.S. Constitution]**

**(Teacher Defendants and the Madison County School Board)**

88.     Paragraphs 1 through 52 are incorporated herein as if set out in full.

89.     The Teacher Defendants violated Plaintiff's rights under 42 U.S.C. §1983 and her Fourteenth Amendment Equal Protection rights by failing to protect her from harassment, intimidation and sexual assault and through active participation in a incompetent scheme whereby Plaintiff was left alone and unprotected in a bathroom to be used as bait to catch a sexually-aggressive student.

90.     This fourteen year-old, African-American girl was used as bait to trap a male student.  As a consequence, the Teacher Defendants, acting or purporting to act under color of state law, intentionally and purposefully discriminated against Plaintiff because of her race and/or sex by depriving her of the rights guaranteed her by the Equal Protection rights found in the Fourteenth Amendment to the U.S. Constitution, and her rights under 42 U.S.C. § 1983.

91.     The Teacher Defendants' discriminatory actions violated Plaintiff's clearly-established legal rights protecting her against race and sex discrimination and were performed with malice and/or done with reckless disregard to the Plaintiff's federally-protected civil rights.

92.     As a proximate consequence thereof, Plaintiff has been damaged as she has been caused to suffer physical injury, severe emotional distress, embarrassment, humiliation, anxiety, and concern

93.     Plaintiff is entitled to an award of compensatory damages against Defendant Madison County Board of Education and of compensatory and punitive damages against

Defendants Cundiff, Blair, Terrell, Dunaway and Simpson, in their individual capacities; that Defendants Cundiff, Blair, Terrell, Dunaway and Simpson's conduct was willful, wanton, and/or reckless or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of actual compensatory and punitive damages in an amount to be determined by the jury against Defendants Cundiff, Blair, Terrell, Dunaway and Simpson in their individual capacities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff B.H.J. requests this Court enter an Order which will:

a. Declare the conduct engaged in by the Defendants to be in violation of Plaintiff B.H.J.'s rights and Alabama law;

b. Enter appropriate declaratory and injunctive relief;

c. Award Plaintiff B.H.J. compensatory damages against the Defendants, in an amount that will fully compensate her for the physical injuries, mental distress, anguish, pain, humiliation, embarrassment, suffering and concern that he has suffered as a direct and/or proximate result of the statutory and common law violations as set out herein;

d. Enter a judgment against all Defendants, save the Madison County School Board, for such punitive damages as will properly punish them for the constitutional, statutory and common law violations perpetrated upon Plaintiff as alleged herein, in an amount that will serve as a deterrent to Defendants and others from engaging in similar conduct in the future;

e. Award Plaintiff B.H.J. prejudgment and post-judgment interest at the highest rates allowed by law;

f. Award Plaintiff B.H.J. costs, expert witness fees, and reasonable attorney's fees;

g. Assume continuing and indefinite jurisdiction to insure compliance with the terms of the Orders requested herein;

      h.      Award Plaintiff B.H.J. such other and further relief, including equitable, that this Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by struck jury.

Submitted this the 23rd day of September, 2010.

                                              s/ Rebekah Keith McKinney
                                              Rebekah Keith McKinney (ASB-3137-T64J)
                                              Eric J. Artrip (ASB-9673-I68E)
                                              WATSON, MCKINNEY & ARTRIP, LLP
                                              203 Greene Street
                                              Huntsville, Alabama 35801
                                              Telephone:   (256) 536-7423
                                              Facsimile:    (256) 536-2689

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AT:**

| | |
|---|---|
| Christopher J. Cundiff<br>c/o Karla Anzinger<br>8924 Hwy 53<br>Toney, AL 35773 | June Ann Simpson<br>115 Amberwood<br>Harvest, AL 35749 |
| Ronnie J. Blair<br>2697 Carters Gin Road<br>Toney, AL 35773 | Teresa G. Terrell<br>2697 Carters Gin Road<br>Toney, AL 35773 |
| Jeanne Dunaway<br>2697 Carters Gin Road<br>Toney, AL 35773 | Madison County School Board<br>1275 Jordan Road<br>Huntsville, Alabama 35811 |