IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JAMES HILL, as guardian and next friend, )
of BHJ, a minor, )
)
       Plaintiff, )
)
vs. ) Case No. 5:10-cv-2593-TMP
)
MADISON COUNTY SCHOOL BOARD, )
et al., )
)
       Defendant. )

## MEMORANDUM OPINION

This action is before the court on defendant Jeanne Dunaway's ("Dunaway") motion to dismiss (doc. 114), and plaintiff James Hill's ("Hill") motion to certify judgment as a final and appealable order (doc. 119). The parties have consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c); accordingly, the court enters this memorandum opinion. For the reasons set out below, Dunaway's motion to dismiss (doc. 114) is due to be and hereby is granted.[1]

## DISCUSSION

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

---

[1] Because the order entered contemporaneously with this memorandum opinion is a final judgment, Plaintiff's motion to certify judgment under Federal Rule of Civil Procedure 54(b) (doc. 119) is due to be and hereby is DISMISSED as MOOT.

under Article III of the United States Constitution." 28 U.S.C. § 1367(a). An exception to supplemental jurisdiction under § 1367(a) provides:

> (c) The district courts *may* decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).

This court has dismissed all claims over which it had original jurisdiction. The only claims remaining are state-law negligence and wantonness claims against Dunaway and defendant June Simpson ("Simpson"). A preliminary hurdle in whether the state-law negligence and wantonness claims may proceed is deciding whether Dunaway and Simpson are entitled to state-agent immunity under Alabama law. This court determined that while Dunaway and Simpson are within the protections of state-agent immunity as employees of a county school board (doc. 104, p. 35), their behavior fell within the "beyond authority" exception to state-agent

immunity.[2]  However, the question of how to properly apply the "beyond authority" exception to state-agent immunity is unsettled in Alabama law.

In L.N. v. Monroe County Board of Education, Justice Murdock's concurring opinion calls into question how Alabama courts have previously applied the "beyond authority" exception when determining state-agent immunity, suggesting that previous applications have been too quick to say that a school official acted "beyond his or her authority."  ___ So.3d ___, No. 1110672, 2013 Ala. LEXIS 81 (Ala. July 12, 2013).  Although Justice Murdock's concurrence is not binding on this court, it signals that the guidelines still are unsettled for determining what behavior is "beyond one's authority" for purposes of state-agent immunity under Alabama law.  Accordingly, the question of whether Dunaway and Simpson acted beyond their authority as state agents can best be resolved by the Alabama state court.

The Eleventh Circuit established a four-part test for district courts to consider when determining whether to exercise discretionary jurisdiction under § 1367(c).

> The district court's discretionary decision whether or not to entertain pendent state claims is generally guided by four factors: (1) whether the state law claims predominate in terms of proof, the scope of the issues raised, or the comprehensiveness of the remedy sought; (2) whether comity considerations warrant determination by a state court (*i.e.*, is the state claim novel or particularly complex such that an accurate definitive interpretation of state law is necessary); (3) whether judicial economy, convenience, and fairness to the litigants would best be served by trying the federal and state claims together; and (4) whether "the

---

[2]  If a defendant claiming immunity shows that she was exercising a discretionary function within the scope of her authority at the time of the alleged tort, the burden shifts to the plaintiff to show that the immunity does not apply because the defendant "acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." Ex parte Montgomery County Board of Education, 88 So.2d 1046, 1052 (Ala. 2003).

>state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong."

Draper v. Wheelabrator-Frye, 735 F.2d 414, 428 (11th Cir. 1984) (quoting Jackson v. Stinchcomb, 635 F.2d 462, 473 (5th Cir. 1981)).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).  The instant case is one of the "usual cases."  The state-law claims predominate the issues raised in the instant case, because the state-law claims are the only claims pending.  Comity considerations warrant determination of the state-law claims in state court because Alabama law is not yet settled on what constitutes behaving "beyond one's authority" for purposes of state-agent immunity.  Finally, the state-law claims are no longer "so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong" because there are no federal claims pending and, therefore, no remaining questions of federal policy.

This court is aware that declining to exercise jurisdiction over the pending state-law claims is likely to cause some inconvenience to the parties.  However, much of the record established in this court can be transferred and applied in any state-court action Hill may decide to pursue.  This should serve to partially ameliorate the inconvenience faced by the parties.  In terms of fairness, Hill will not be prejudiced by this judgment because she will have 30 days

under 28 U.S.C. § 1367(d) to file her state-law claims in state court without exposing her state-law claims to a statute of limitations defense.[3]  See Carnagie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 619 n. 7, 98 L. Ed. 2d 720 (1988).  Any issues in terms of fairness and judicial economy resulting from this court's decision to decline to exercise jurisdiction under § 1367(c) are outweighed by the other concerns listed in the Draper analysis.

## CONCLUSION

Because the only claims remaining are state claims dependent upon the application of an unsettled principle of Alabama law, this court declines to exercise jurisdiction over the state-law claims under § 1367(c) subsections (1) and (3).  Accordingly, the plaintiff's remaining claims with respect to defendants Dunaway and Simpson are due to be dismissed without prejudice.  An order of dismissal will be entered concurrently herewith.

DONE this 17th day of December, 2013.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

---

[3]  Even without the 30-day period provided in 28 U.S.C. § 1367(d), Hill should not be barred by statutes of limitations from bringing her claim.  Under the Alabama Code, if someone's right to commence an action accrues before she is 19 years of age (the age of majority), she "shall have three years, or the period allowed by law for the commencement of an action."  Ala. Code. § 6-2-8.  Because Hill was 14 years old when her right to commence the action accrued, she has two years from the date of her 19th birthday to file her state-law claim.  Ala. Code § 6-2-38.